

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2007

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2058

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Liu v. Atty Gen USA" (2007). *2007 Decisions.* Paper 597.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/597

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2058

JIANRONG LIU,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of a Decision
of the Board of Immigration Appeals
(BIA No. A78-952-401)
Immigration Judge:  Miriam K. Mills

Submitted under Third Circuit LAR 34.1(a)
May 25, 2007

BEFORE:  CHAGARES, HARDIMAN, <u>Circuit</u> <u>Judges</u> and
TASHIMA, <u>Senior</u> <u>Circuit</u> <u>Judge</u>[*]

(Filed: August 13, 2007)

OPINION OF THE COURT

CHAGARES, <u>Circuit</u> <u>Judge</u>.

---

[*]  The Honorable A. Wallace Tashima, Senior Circuit Judge of the United States
Court of Appeals for the Ninth Circuit, sitting by designation.

Jianrong Liu (Liu), a citizen and native of the People's Republic of China, petitions for review of a final order of the Board of Immigration Appeals (BIA). An Immigration Judge (IJ) denied Liu's application for asylum, withholding of removal and protection under the United Nations Convention Against Torture (CAT), and Liu unsuccessfully appealed to the BIA. Liu seeks review of the BIA's dismissal to the extent that it denied asylum. She does not appeal the denial of withholding of removal or relief under CAT.

We have jurisdiction to review the BIA's final order pursuant to 8 U.S.C. § 1252. We will deny the Petition for Review.

I.

Because we write only for the parties and therefore assume their familiarity with the facts and proceedings, we will only briefly restate them here.

According to Liu, she and her brother co-owned a video store in Fuzhou City, China, that sold Falun Gong materials. On April 21, 2002, police arrested her brother and another employee of the video store ostensibly for the sale of such materials. After learning of the arrests, Liu went into hiding with a relative. Ultimately, fearing arrest herself, she fled to the United States. Liu entered the United States on October 21, 2002. She applied for asylum on or about July 22, 2003.

In support of her application for asylum, Liu submitted a letter from her father recounting the events of April 21, 2002. In particular, the letter states that the police confiscated approximately 400 videos on the practice of Falun Gong. Liu proffered a

2

business license and a trade license pertaining to the store. The licenses list Liu's brother as the "legal representative" and "person in charge" of the business. They make no reference to Liu. Facially, the licenses do not support Liu's claim that she was a co-owner of the of the store.

Liu also submitted a copy of the July 2002 indictment against her brother, but the indictment paints a very different picture. The indictment charged her brother with buying and selling "pornographic audio-video products" in violation of "the Criminal Law of our country (Clause 363)." Administrative Record (A.R.) 161-62. Likewise, Liu submitted the Criminal Court verdict which stated that her brother was found guilty of "the crime of selling pornographic products to make profits" and was sentenced to a 30-month term of imprisonment. A.R. 164-66.

The criminal records make no reference to Falun Gong and directly contradict Liu's testimony. To explain the inconsistency, Liu asserted that her brother had been incorrectly charged and that, unlike sales of pornography, Chinese authorities cannot prosecute someone for selling Falun Gong materials. Finding Liu's explanation implausible, the IJ took administrative notice of the fact that Chinese law proscribes the sale of Falun Gong materials. Without credible corroborating evidence that any of Liu's family members had been arrested or convicted of any activity related to Falun Gong, the IJ concluded that Liu failed to carry her burden of showing past persecution or a well-founded fear of future persecution.

On appeal, Liu argued to the BIA that the Chinese government "wrongly charge[d]

Falun Gong people in order to cover its persecution of its citizens." Appendix 3a. The BIA held that Liu failed to meet her burden "to produce evidence indicating that the Chinese government engages in such deceptive judicial practices as described and such cannot be accomplished by her self-serving statements." Id.

## II.

Liu raises two arguments. First, she argues that the IJ's adverse credibility findings are unsupported by substantial evidence. Second, she argues that she was denied due process because the IJ did not accord enough weight to her documents because the documents were unauthenticated. Both arguments lack merit.

## A.

To be eligible for a discretionary grant of asylum, Liu must establish that she is a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A). 8 U.S.C. § 1158(b)(1)(A). A refugee is someone who suffered past persecution or has a well-founded fear of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b). Eligibility for asylum on the basis of past persecution requires the showing of "(1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control." Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (quoting Navas v. INS, 217 F.3d 646, 655 (9th Cir. 2000)).

Failing to establish past persecution, an applicant may still be eligible for asylum

4

by demonstrating a well-founded fear of future persecution. This path to asylum requires proof that an applicant has a subjectively genuine fear of persecution, "and that a reasonable person in her circumstances would fear persecution if returned to her native country." Id. "The subjective component can be satisfied by the applicant's candid, credible, and sincere testimony, whereas the objective element can be proven through credible, direct and specific evidence in the record of facts that would support a reasonable fear that the petitioner faces persecution." Liu v. Ashcroft, 380 F.3d 307, 313 (7th Cir. 2004) (quotation marks and citation omitted).

Liu bears the burden of supporting her claim for asylum with specific facts and credible testimony. We review adverse credibility determinations under the substantial evidence standard. Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004); Gao, 299 F.3d at 272. Adverse credibility findings are "appropriately based on inconsistent statements, contradictory evidences, and inherently improbable testimony." Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). Such credibility determinations will be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Liu does not contend that she was a follower of Falun Gong. She has not produced any document purporting to summon or subpoena her to report to a local police station, even though she asserts that her parents received such a summons in July 2002. Liu's claim for asylum depends on whether her brother's arrest, indictment and sentencing derived from his sale of Falun Gong materials rather than from pornography. Liu's only

5

evidence in support of a Falun Gong nexus is her testimony and the letter from her father, but neither she nor her father were present during the April 21, 2002 raid on the store.

Liu has failed to demonstrate both past persecution and a fear of future persecution. We conclude that the IJ correctly relied upon the actual charging and sentencing documents which unequivocally state that Liu's brother's crime was the sale of pornography. Substantial evidence supports the adverse credibility findings, and we cannot say, under this deferential standard, that this is a case in which the evidence compels a contrary conclusion. See Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (quoting Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001)).

## B.

Although it is difficult to discern Liu's due process argument, she appears to argue that the IJ improperly accorded Liu's documents less weight in the credibility analysis because the documents were not authenticated.

This argument is baseless. It is clear that the IJ fully considered all of the documents submitted by Liu and made credibility findings in part based on the contradictions between the documents and Liu's testimony. No lack of authentication prevented Liu from presenting the documents to the IJ or the IJ's full consideration thereof.

## III.

For the foregoing reasons, we will deny the Petition for Review.